2004 ND 172

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Bryan L. GIESE, Judge of the Mandan, North Dakota, Municipal Court.**

**Judicial Conduct Commission, Petitioner**

v.

**Bryan L. Giese, Respondent.**

**No. 20040177.**

Supreme Court of North Dakota.

Sept. 2, 2004.

CENSURE ORDERED.

PER CURIAM.

[¶ 1] On November 21, 2003, Bryan L. Giese admitted service of Formal Charges under Rule 11, Rules of the Judicial Conduct Commission. The Formal Charges assert that Giese was a Judge of the Mandan Municipal Court, and while a Municipal Judge, Giese was suspended from the practice of law for ninety days for violation of N.D. R. Prof. Conduct 1.8 (Conflict of Interest: Prohibited Transactions), N.D.R. Prof. Conduct 3.1 (Meritorious Claims and Contentions), N.D.R. Prof. Conduct 3.2 (Expediting Litigation), N.D.R. Prof. Conduct 8.4(e) (Misconduct), and N.D.R. Lawyer Discipl. 1.2A(3) which provides that it is misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation. *Disciplinary Board v. Giese*, 2003 ND 82, 662 N.W.2d 250. The Formal Charges request discipline under Canon 2, N.D.Code Jud. Conduct, which provides that a judge shall avoid impropriety and the appearance of impropriety in all the judge's activities.

[¶ 2] Giese filed an Answer on December 4, 2003, admitting the allegations in the Formal Charges but arguing that he had already been punished because during the 90–day suspension, he could not perform his duties as Mandan's Municipal Judge.

[¶ 3] The matter was heard on June 23, 2004, before a Hearing Panel of the Judicial Conduct Commission. The Hearing Panel filed its Findings of Fact, Conclusions of Law, and Recommendation on July 1, 2004, finding that the allegations were admitted by Giese in his Answer and that the conduct set out in *Disciplinary Board v. Giese*, 2003 ND 82, 662 N.W.2d 250, was clearly and convincingly proven by the Supreme Court, by Giese's admission in response to the Formal Charges and in his testimony at hearing.

[¶ 4] The Hearing Panel concluded that Giese's conduct violated Canon 2, North Dakota Code of Judicial Conduct, which provides that a judge shall avoid impropriety and the appearance of impropriety in the judges' activities. The Hearing Panel further concluded that public trust and confidence in the judicial office held by Giese was tested by his conduct and his defeat in the election was a direct result of that breach of trust.

[¶ 5] The Hearing Panel recommended that Giese be censured by the Supreme Court and pay costs in the amount of $250. No objections to the Findings of Fact, Conclusions of Law, and Recommendation were filed. Under N.D. Jud. Conduct Comm. 16G, "the failure to file notice of exceptions constitutes acceptance of the findings of fact, conclusions of law, and recommendation for sanction." The matter was referred to the Supreme Court under N.D. R. Jud. Conduct Comm. 23. The Court considered the matter, and

[¶ 6] ORDERED, the Findings of Fact, Conclusions of Law, and Recommendation of the Hearing Panel of the Judicial Conduct Commission is accepted.

[¶ 7] FURTHER ORDERED, Bryan L. Giese is hereby censured.

[¶ 8] FURTHER ORDERED, Bryan L. Giese pay costs in the amount of $250, payable to the Judicial Conduct Commission.

[¶ 9] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN and DALE V. SANDSTROM, JJ., concur.